STATE OF FLORIDA

COUNTY OF LEE

## DECLARATION OF DEBORAH ANTILIA

1. I, Deborah Antilia, verify the following under 28 U.S.C. §1746 and under the penalty of perjury:

2. I make this declaration of my own free will and for no improper purpose.

3. I am over the age of 18 and have personal knowledge of all facts contained herein.

4. While I am aware that Jennifer Tooker has litigation pending against the Lee County Sheriff's Office (LCSO), I have not seen a copy of any lawsuit she may have filed.

5. I am a resident of Lee County, Florida and was employed by LCSO from January 2009 until February 2014. As part of a settlement of my worker's compensation claim, I resigned my employment with LCSO.

6. I was supervised by Ms. Dawn Heikkla, Director of Human Resources for LCSO.

7. I was employed by LCSO as the secretary for human resources. My regular working hours were 7:00 A.M. to 5:00 P.M. four days per week.

8. My desk was positioned at the front of the human resources department and I was perfectly positioned to observe when employees, guests and visitors arrived and departed the human resources department.

9. One such human resources employee was Ms. Tooker, who was a polygrapher. I observed that Ms. Tooker was always a very pleasant employee, that she was incredibly knowledgeable and that she was a very hard worker.

10. I observed that Ms. Tooker would regularly arrive on time (7:00 A.M.) to begin her day but that she would usually still be working when I left at 5:00 P.M. In fact, I frequently observed that she would still even be conducting polygraph examinations when I was leaving, despite the fact that her shift technically ended at 5:00 P.M.

11. I further observed that Ms. Tooker's workload was heavier than that of the other polygrapher. On almost a daily basis, I observed Ms. Tooker either conducting polygraphs or working on reports for polygraphs after 5:00 P.M. when I was leaving. On the occasions that I observed Ms. Tooker leave around 5:00 P.M., I observed that Ms. Tooker was carrying with her, work to be done at home.

12. Since we both worked four 10-hour days, I observed Ms. Tooker's comings and goings, and I can confirm that since I did in fact work a 40-hour work week, there is no question that Ms. Tooker worked well in excess of that and thus worked overtime. This overtime that I observed was Ms. Tooker performing her duties within the human resources department and were not duties pertaining to the major crimes unit. As stated above, Ms. Tooker appeared to have a much heavier workload than the other polygrapher and would not remotely be able to complete all of her required duties within a regular 40-hour work week.

13. By my observation, Ms. Tooker worked well in excess of 40-hours per week during each week we were co-workers. She usually did not take a lunch, but rather was permitted by LCSO policy to leave a bit early at the end of the day. Regardless, when she did so, she almost always took work home with her.

14. However, LCSO has a policy of refusing to pay employees for overtime, except in exceptional circumstances for which they have funding or for which they have budgeted. Simply put, if LCSO does not budget for overtime in a certain department, it does not pay overtime, period. One such department was within human resources. I was unequivocally told by Ms. Heikkla that the human resources department did not pay overtime, even if you worked more than 40 hours in a week. She did *not* say that overtime had to be pre-approved; she said it was not paid, period. I was informed that if we worked overtime within human resources, the overtime would not be paid. However, if the overtime was worked due to another division, such as major crimes, the overtime *was* paid because the major crimes unit budgeted overtime. Regardless, overtime was not paid for the completion of tasks within the job duties of those of us within human resources.

15. I am aware that Ms. Tooker was also told that overtime was not paid in the human resources department and I heard her object to that on several occasions. LCSO's answer each time was simply that overtime was not budgeted for within human resources and thus if overtime was worked, it would not be paid. Employees were simply not permitted to put down more than a 40-hour workweek on their timecards and if they did, the timecards were returned to them.

16. I have no personal stake or interest in the outcome of any litigation Ms. Tooker may have against LCSO and I make this declaration of my own free will and for no improper purpose.

17. I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

_____        _____
Ms. Deborah Antilia                                    8/27/2016
                                                                    Date