UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER TOOKER, an individual

        Plaintiff,

v.                                                                                         Case No:  2:15-cv-272-FtM-38CM

MICHAEL SCOTT,

        Defendant.

## ORDER[1]

This matter comes before the Court on review of Defendant, Michael Scott's Motion to Strike (Doc. #51) filed on September 27, 2016.  Plaintiff, Jennifer Tooker filed her Response in Opposition (Doc. #52) on October 11, 2016.  The matter is ripe for review.

## BACKGROUND

This case revolves around allegations that Scott failed to pay Tooker overtime wages in compliance with the Fair Labor Standards Act ("FLSA"), and that she was fired in retaliation for lodging complaints about the issue.  On August 19, 2016, Scott moved for summary judgment (Doc. #39) (the "Motion").  On September 27, 2016, Tooker Responded in Opposition (Doc. #49) (the "Response").  The instant dispute relates to Scott's claim that Tooker's Response, or parts thereof, should be stricken by the Court on multiple grounds.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Specifically, on September 23, 2016, Tooker moved for leave to file excess pages in her Response (Doc. #48).  That same day and before the Court entered an Order granting leave, Tooker filed her Response, which weighed in at forty (40) pages, and included thirty (30) exhibits totaling more than four hundred (400) pages.  (Doc. #49).  On September 27, 2016, the Court retroactively granted Tooker's motion for leave to file excess pages.  (Doc. #50).  Later that day Scott filed the Motion.

Scott's Motion asks the Court to strike Tooker's Response, arguing that it did not comport with the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida or the Court's Case Management and Scheduling Order ("CMSO").  Scott also argues that an affidavit included as an exhibit should be stricken because it was speculative and conclusory.

## DISCUSSION

Generally, motions to strike are governed by Federal Rule of Civil Procedure 12(f), which provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).  Courts are vested with broad discretion in exercising this power, and will grant such motions "where the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Williams v. Eckerd Family Youth Alternative*, 903 F. Supp. 1515, 1517 (M.D. Fla. 1995).  Even so, motions to strike on these grounds are often considered "time wasters" and are usually denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Carlson Corp./Se. v. Sch. Bd. of Seminole Cty., Fla.*, 778 F. Supp. 518, 519 (M.D. Fla. 1991).  In

evaluating a motion to strike, the court must treat all well pleaded facts as admitted, and cannot consider matters beyond the pleadings. *Id.*

I.  **Response Length**

First, Scott argues that Tooker's Response should be stricken because it was filed without leave to exceed the page limit imposed by Local Rule 3.01(b). Notably, Federal Rule of Civil Procedure 12(f) only gives the Court authority to strike *pleadings*. *Id.* (emphasis added). In this connection, Federal Rule of Civil Procedure 7(a) states that "pleadings" consist of complaints, answers to a complaint, answers to a counterclaim, answers to a crossclaim, third-party complaints, and replies to an answer. *See* Fed. R. Civ. P. 7(a). Courts across the Eleventh Circuit have held that motions filed pursuant to Rule 12(f) that ask the Court to strike documents other than pleadings are improper. *See Kahama VI, LLC v. HJH, LLC*, No. 8:11-CV-2029-T-30TBM, 2014 WL 3721298, at *1 (M.D. Fla. July 28, 2014); *see also Santana v. RCSH Operations, LLC*, 10–61376–CIV, 2011 WL 690174, at *1 (S.D. Fla. Feb.18, 2011); *Croom v. Balkwall*, 672 F .Supp.2d 1280, 1285 (M.D. Fla. 2009).

That said, the Supreme Court has also found that Local Rules have the force of law. *Weil v. Neary*, 278 U.S. 160, 169 (1929). In keeping, another court in this division has found that violations of Local Rule 3.01 constitute grounds to strike a filed document. *See Kahama VI, LLC v. HJH, LLC*, No. 8:11-CV-2029-T-30TBM, 2014 WL 3721298, at *1.

Local Rule 3.01(b) provides that "[e]ach party opposing a motion or application shall file . . . a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty

(20) pages." M.D. Fla. R. 3.01(b). Scott argues that because Tooker's Response totaled forty (40) pages in length and was filed without leave, it should be stricken because it breached Local Rule 3.01(b).

Upon review of the record, while Tooker's Response did exceed the page limit imposed by the Local Rules, Tooker filed a Motion for Leave (Doc. #48) before filing the Response. The Court then retroactively granted Tooker's Motion for Leave on September 27, 2016. (Doc. #50). As such, as it applies to striking the entirety of Tooker's Response for failure to comply with Local Rule 3.01(b), Scott's Motion is denied as moot.

## II. Pinpoint citations

Scott next argues that the statement of facts in Tooker's Response should be stricken because her statements of material fact do not properly cite to evidence on the record or include pinpoint citations as required by the CMSO (Doc. #34) or Federal Rule of Civil Procedure 56(c)(1)(A).

Section II(G)(1) of the CMSO (Doc. #34) provides that "[t]he statement of material facts must list each material fact alleged not to be disputed in separate, numbered paragraphs. Each fact must be supported by a pinpoint citation to the specific part of the record relied upon to support that fact. A general reference to a deposition is inadequate." (Doc. #34 at 5). Separately, Federal Rule of Civil Procedure 56(c)(1)(A) states that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A).

On the subject of enforcing the Court's orders, "[i]t has long been understood that "certain implied powers . . . [are] vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501

U.S. 32, 43 (1991). Similarly, as to the enforcement of Federal Rule of Civil Procedure 56(c)(1)(A), a court may defer or deny the motion, consider the fact undisputed for purposes of the motion, grant summary judgment if the motion and supporting materials indicate that the movant is entitled, or issue any other appropriate order.

A review of Tooker's Response yields a close decision. While Tooker's facts are not individually pincited sentence-by-sentence, the essence of the material facts asserted are pincited at the conclusion of each numbered paragraph. For the purposes of the instant matter, the Court finds this to be sufficient to satisfy the requirements imposed by both the CMSO, and Federal Rule of Civil Procedure 56(c)(1)(A).[2] [3]

### III.   Affidavit

Last, Scott argues that the declaration of Deborah Antilia (Doc. #49-3) should be stricken because it serves no purpose to the instant matter but to "obscure the issues before the Court and to prejudice [Scott]." (Doc. #51 at 8). Specifically, Scott argues that Antilla's declaration "contains conclusory speculative statements from a former employee who has no personal knowledge of the material facts relevant to this litigation." (Doc. #51 at 8). This argument ignores the Eleventh Circuit's clearly drawn guidance in *Polite v. Dougherty Cty. Sch. Sys., 314 F. App'x 180 (11th Cir. 2008).* There, a plaintiff appealed when a district court declined to strike an affidavit filed in support of a motion for summary

---

[2] Despite today's ruling, the Court expects all parties to pincite each sentence within a statement of material fact in the future.

[3] Scott also argues that he would be prejudiced if Tooker's statements of fact are not stricken because he would not be afforded an opportunity to respond. In support, Scott argues that many of Tooker's alleged facts are "conclusory self-serving statements." (Doc. #51 at 7). Contrary to Scott's argument, denial of his motion does not leave him without a remedy, as the Local Rules provide an opportunity to seek leave to file a reply. Scott has not sought to file a reply in this matter, and cannot use his failure to seek leave to justify his Motion. Moreover, while Scott argues that Tooker has lobbed numerous "conclusory self-serving statements," he does not substantively identify a single example. As such, striking Plaintiff's Response on such vague grounds would be improper.

judgment. *Id.* at 184 n. 7. The court there held that "motions to strike [grounded in Federal Rule of Civil Procedure 12(f)] are only appropriately addressed towards matters contained in the pleadings; here, the affidavit was submitted as part of the motion for summary judgment, which is not a pleading." *Id.* at 184 n. 7. The Eleventh Circuit's precedent is binding on the Court, and thus striking Antilla's affidavit pursuant to Rule 12(f) would be improper.

To the extent the Court is entitled to strike the affidavit pursuant to its inherent power to manage its own docket, a review of the affidavit reveals that Antilla's declaration pertains both to observations of Tooker's regular work habits and the LCSO's personnel compensation policies. These allegations touch directly on the facts at issue in this matter. Because Antilla's affidavit is relevant and fact-oriented, the Court declines to strike the affidavit.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Strike (Doc. #51) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of October, 2016.

*(signature)*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

6